IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARRON ANTWONE WEBB, # 09803-027, )
)
               **Plaintiff,** )
)
   vs. ) Case No. 18-cv-1498-JPG
)
L. REYNOLDS, )
MORRIS, )
D. QUERCIA, )
LIEUTENANT PHILLIPS, )
LT. SMITH, )
A.W. ZANTOUT, )
and WARDEN WERLICH, )
)
               **Defendants.** )

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Darron Antwone Webb, an inmate in the Federal Correctional Institution in Greenville, has brought this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff's Complaint (Doc. 1), which claims that his property was confiscated and destroyed, is now before the Court for a preliminary merits review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

After fully considering the allegations in Plaintiff's Complaint and attached documents,

the Court concludes that this action is subject to summary dismissal.

## **The Complaint**

Plaintiff brings this action as a civil rights complaint. (Doc. 1, p. 1; Doc. 1-1, p. 1). He alleges the following facts: On December 25, 2017, Reynolds shook down Plaintiff's cell and confiscated his correspondence college course material, an albuterol inhaler, and other miscellaneous items. (Doc. 1-1, p. 2). All of this property was disposed of, despite Plaintiff's reports to other officials including Phillips, requesting to have the material retrieved. *Id.* Quercia placed Plaintiff in the SHU shortly after the shakedown, and advised Plaintiff to "file a tort claim" if his property was thrown away. (Doc. 1-1, p. 2). Smith, Morris, Zantout, and Werlich failed to compensate Plaintiff or assist him in obtaining replacement class materials. As a result, Plaintiff lacked those resources to prepare for his midterm and final testing. (Doc. 1, pp. 7, 11; Doc. 1-1, p. 3). Morris further instructed education staff to cease outreach to colleges on behalf of proctored student-prisoners. (Doc. 1-1, p. 3).

Plaintiff filed an administrative claim for compensation on January 5, 2018. (Doc. 1, pp. 12-15, 17-18; Doc. 1-1, pp. 1-2). He documented the value of his property with receipts. (Doc. 1, pp. 19-30). His claim was designated "Small Claims for Property Damage or Loss" pursuant to 31 U.S.C. § 3723, and assigned Claim # TRT-NCR-2019-02171. (Doc. 1, pp. 14-15; Doc. 1-1, pp. 2-3). The claim was "denied by the lapse of (6) months without disposition," as the agency response was due on July 7, 2018. (Doc. 1, p. 14; Doc. 1-1, p. 2).

Plaintiff asserts that the negligent deprivation of his property and refusal to help him contact his college violated his Fifth Amendment Due Process rights. (Doc. 1-1, p. 3). He seeks compensatory and punitive damages. (Doc. 1-1, p. 4).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Plaintiffs negligently deprived Plaintiff of his personal property, in violation of his due process rights under the Fifth Amendment;
>
> **Count 2:** Morris violated Plaintiff's due process rights by preventing education staff from contacting colleges on behalf of Plaintiff and other prisoners to assist them with their educational programs.

Both claims shall be dismissed for failure to state a federal constitutional claim upon which relief may be granted.

## Dismissal of Count 1 – Deprivation of Property

The crux of Plaintiff's claims against each Defendant is that the "taking" of his course materials and other personal items amounted to a deprivation of property without due process of law, in violation of the Fifth Amendment. The Supreme Court has held that deprivation of an inmate's property does not violate the due process clause *if* the government provides an adequate remedy. *Hudson v. Palmer*, 468 U.S. 517, 536 (1984). The Federal Tort Claims Act has provided an avenue for redress where a prisoner's property rights are infringed through the negligent acts of prison officials. *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003) (discussing *United States v. Muniz*, 374 U.S. 150 (1963)); *see generally* 28 U.S.C. § 1346(b). However, the FTCA contains an exception (28 U.S.C. § 2680(c)) providing that the FTCA cannot be used to bring "[a]ny claim arising in respect of . . . the detention of any goods,

merchandise, or other property by any officer of customs or excise or any other law enforcement officer."

The Supreme Court has held that this language applies to instances in which an inmate attempts to sue the United States where a federal prison has lost his or her property. *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 227-28 (2008). The Court further held in the *Ali* case that Federal Bureau of Prisons employees are "other law enforcement officers" under the FTCA, which means that prisoners whose property is "detained" by Federal Bureau of Prisons employees cannot bring suit under the FTCA. *Ali*, 552 U.S. 214. This ruling removes the FTCA as an adequate remedy for inmates who allege deprivation of personal property at the hands of a federal prison official. *See also Parrott v. United States*, 536 F.3d 629, 636 (7th Cir. 2008).

However, other administrative procedures are available to potentially compensate a federal inmate for the loss of property. *See* 31 U.S.C. §§ 3723-3724; *see also Ali*, 552 U.S. at 228 n. 7; *United States v. Norwood*, 602 F.3d 830, 836 (7th Cir. 2010). A post-deprivation procedure may include: (1) a claim under 31 U.S.C. § 3723, which allows small claims (up to $1,000) to be presented to the agency for redress of damages caused by the negligent acts of a federal officer; or (2) a claim under 31 U.S.C. § 3724, which allows the Attorney General of the United States to settle claims for losses caused by employees of the Department of Justice, up to a $50,000 limit. 31 U.S.C. § 3724(a); *see Hoskins v. Craig*, Case No. 11-cv-296-GPM, 2013 WL 675734, at *2-3 (S.D. Ill. Feb. 25, 2013); *Adeyi v. FCI Fort Dix Health Servs.*, Case No. 09-cv-5316, 2012 WL 2076520, at *5 (D.N.J. June 7, 2012). Claims under either § 3723 or § 3724 must be presented to the administrative agency within one year, thus Plaintiff still has time remaining to pursue such a remedy. 31 U.S.C. §§ 3723-3724. A claim settled under either

section of the statute is final, and not subject to judicial review. 31 U.S.C. § 3721(k); *Norwood*, 602 F.3d at 836.

The availability of an adequate administrative remedy for Plaintiff's property loss as a result of Defendants' actions forecloses him from pursuing a due process claim within a *Bivens* action. *See Hoskins v. Craig*, Case No. 11-cv-296-GPM, 2013 WL 675734, at *2-3 (S.D. Ill. Feb. 25, 2013). Accordingly, the due process claim in **Count 1** shall be dismissed without prejudice to Plaintiff pursuing his compensation claim through the appropriate federal administrative procedure.

### Dismissal of Count 2 – Interference with Educational Program

This claim is based on Plaintiff's assertion that after he sought help from Morris to replace the lost college course materials, Morris "ordered all Education staff and Proctors to no longer reach out to colleges for proctored students, violating Plaintiff's 5th Amendment 'Due Process.'" (Doc. 1-1, p. 3).

The problem with this claim is that the law has long established that there is no property or liberty interest in attending educational, vocational, or rehabilitative courses while in prison, and institutions are not constitutionally required to provide these programs to inmates. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000) (prisoner had no 14th Amendment due process claim for being transferred to a prison where he could no longer enroll in programs that might earn him earlier release); *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982), *cert. denied* 459 U.S. 1150 (1983). While these civil rights cases were brought against state defendants under 42 U.S.C. § 1983 and involved the Due Process Clause of the Fourteenth Amendment, the precedent applies equally to a federal prisoner's Fifth Amendment due process claim in a *Bivens* action. *See Glaus v. Anderson*, 408

F.3d 382, 386 (7th Cir. 2005) (a *Bivens* action is the federal equivalent of a § 1983 civil rights action); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (collecting cases).

Plaintiff has no protected property or liberty interest in enrolling in an educational program. Therefore, he cannot maintain the due process claim against Morris, and **Count 2** shall be dismissed with prejudice.

Ordinarily, the Court would allow amendment of a Complaint that fails to survive § 1915A screening before dismissing the entire action. *See* FED. R. CIV. P. 15(a). However, in this case, the Court finds that any potential amendment of the Complaint would be futile, because the claims asserted are not cognizable in a *Bivens* action or an action under the Federal Tort Claims Act. Accordingly, the action will be dismissed with prejudice and without leave to amend. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (leave to amend need not be granted when such amendment would be futile); *see also Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994).

### Disposition

**COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

All pending motions are **DENIED AS MOOT.**

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 17, 2018**

                                                 s/J. Phil Gilbert
                                                 United States District Judge